IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ELTON CHALK**                                                                          **PLAINTIFF**

VS.                                  CIVIL ACTION NO. 3:07-cv-512-WHB-LRA

**TRANS UNION LLC**                                                 **DEFENDANT**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Partial Motion of Defendant to Dismiss Plaintiff's declaratory and injunctive relief claims. Plaintiff has not responded to the subject Motion. Pursuant to the rules governing civil procedure in the Southern District of Mississippi, the Court finds that the Partial Motion to Dismiss should be granted as unopposed.

On July 27, 2007, Plaintiff filed a Complaint in the Chancery Court of Rankin County Mississippi against Trans Union LLC ("Defendant"). Plaintiff alleges that Defendant "willfully and negligently failed to accurately report [his] proper credit standing ... in its credit reports that it supplies to entities requesting consideration of [his] credit" in violation of 15 U.S.C. § 1681. Through his Complaint, Plaintiff seeks, *inter alia*, a declaratory judgment declaring that Defendant violated 15 U.S.C. § 1681, a mandatory injunction requiring Defendant to remove all improperly reported items from his credit report, monetary damages, and attorneys' fees and costs. The lawsuit was removed to this Court on August 28, 2007, on the basis of federal question

jurisdiction.  The Court finds that as Plaintiff has alleged a claim arising under federal law, specifically 15 U.S.C. § 1681, the Court may properly exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

On August 29, 2007, Defendant filed a Partial Motion to Dismiss Plaintiff's declaratory and injunctive relief claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").  In support of its Motion, Defendant argues that Plaintiff cannot recover on his declaratory and injunctive relief claims because such claims may only be prosecuted by the Federal Trade Commission ("FTC").  See Washington v. CSC Credit Servs. Inc., 199 F.3d 263, 268 (5th Cir. 2000) (holding, in a case arising under 15 U.S.C. § 1681, that "the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC.").  In accordance with the FRCP and with the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi ("Local Rules"), Plaintiff's Response to the Partial Motion to Dismiss was due on September 17, 2007.  To date, Plaintiff's Response has not been filed.

Based on Plaintiff's failure to respond, the Court finds that the Partial Motion of Defendant to Dismiss should be granted as unopposed in accordance with the Local Rules of this District. See Local Rule 7.2(C)(2) (providing: "If a party fails to respond to any motion, other than a motion for summary judgment, within the time allotted, the court may grant the motion as unopposed."). The Court additionally finds that as dismissal will be predicated on Plaintiff's failure to respond to a dispositive motion, the dismissal must be without prejudice. See Arundar v. DeKalb County Sch. Dist., 620 F.2d 493, 493-95 (5th Cir. 1980).

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Partial Motion of Defendant to Dismiss Plaintiff's declaratory and injunctive relief claims [Docket No. 5] is hereby granted as unopposed, and these claims are dismissed without prejudice.

SO ORDERED this the 1st day of October, 2007.

> s/ William H. Barbour, Jr.
> UNITED STATES DISTRICT JUDGE